VIRGIL McGUIRE *v.* METROPOLITAN LIFE INSURANCE COMPANY.

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

C. H. RUTHERFORD, JAMES RUTHERFORD and C. H. RUTHERFORD, JR., for plaintiff in error.

G. S. MOORE, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

There is involved in this controversy the double indemnity provision of a life insurance policy for $241.70, which is as follows:

"Upon receipt of due proof that the Insured, after attaining age 15 and prior to attaining age 70, has sustained, after the date of this Policy, bodily injuries, solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the Insured within ninety days after the date of such bodily injuries while this Policy is in force, and while premiums are not in default beyond the grace period specified in this Policy, the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy an Accidental Death Benefit equal to the face amount of insurance then payable at death, except that if such bodily injuries are sustained by the Insured while employed in or on the premises of any open pit or underground mine, or are sustained by the Insured while on or about the premises or right of way of any railroad company while the Insured is following the occupation of gang, track, or roadway laborer, track walker, yard, freight, or mixed train brakeman or flagman, then the Accidental Death Benefit shall be only one-half of the face amount of insurance then payable at death. In any case, the amount of the accidental Death Benefit shall be reduced by the amount of any Disability Benefit which has become payable under this Policy on account of the same injuries as resulted in death."

The case was heard upon a stipulation of facts. After reciting that the insured, Herschell McGuire, and his three confederates had robbed several stores in Nashville on the night in question, it contains the following

statement: "that they left and went to 28th Avenue North, and Clifton Pike, about 10 o'clock, the same night for the purpose of robbing another Hill's Grocery Store at that place; that they robbed the store, Herschell McGuire taking the money out of the cash register; that while they were robbing the store two police officers came running up and started shooting without saying anything; and that Herschell McGuire shot at the officers twice; that Morton Smith also shot twice at the officers. The officers shot at Herschell McGuire two or three times; that Herschell McGuire received a pistol shot wound from one of the officers while the robbery was being perpetrated; that the wound was in the left breast; that he was taken to Vanderbilt Hospital that night, where he died as a result of said pistol shot wound."

Upon these facts can it be said that the killing was accidental? It is conceded that it was not if the act in which the insured was engaged (robbing the store) was such as that he might have reasonably anticipated that he would be shot if detected; or as stated by this court in *Mut. Life Ins. Co.* v. *Distretti*, 159 Tenn., 138, 144: "If, however, he (insured) voluntarily and intentionally did a thing from which, as a reasonable man, he foresaw or should have foreseen that death or injury might result, such death or injury was not an accident."

In 14 R. C. L., 1257, it is said: "The test seems to be, Did the insured appreciate that, by doing the act, he was putting life and limb in hazard?"

We hold that where one breaks into a store or residence at night for the purpose of committing robbery he, as a reasonable man, should foresee that death or injury may result. It is a question of the state of mind of the offender, and, in our opinion, in such circumstances he ex-

pects to be shot if detected. For that reason he usually goes armed, so that if discovered he can kill instead of being killed. When a person discovers a burglar in his store or residence he does not attempt to arrest him. Knowing his desperate character and habit of going armed, he shoots without warning, and to kill.

It is argued, however, that since officers are forbidden from shooting another in making an arrest, unless their lives are endangered, the insured had no cause to believe that these officers would shoot him rather than place him under arrest.

In the first place; so far as appears from the record, these officers may have fired after being shot at, in which event the killing would not have been accidental. *Mut. Life Ins. Co.* v. *Distretti, supra.* In the second place, it does not appear that insured knew that his discoverers were officers. The stipulation does not show that the lights were burning.

Circumstances might arise where the rule invoked would be given effect, but the facts in this case are too meager to justify the court in making an exception to the general rule announced above. This was the view entertained by the trial court before whom the case was tried without the intervention of a jury. Whether a sound public policy would permit a recovery in the circumstances of this case is a question which was not raised and which we find unnecessary to decide.

The judgment of the trial court will be affirmed.